GEORGE N. STEFAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stefan v. Commissioner
Docket No. 24673-82.
United States Tax Court
T.C. Memo 1984-546; 1984 Tax Ct. Memo LEXIS 126; 48 T.C.M. (CCH) 1367; T.C.M. (RIA) 84546; October 11, 1984. George N. Stefan, pro se. Mark E. Rizik, for the respondent. CLAPP MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year 1980 in the amount of $14,234.14. By answer, respondent has determined that petitioner is liable for additions to tax under the provisions of sections 6651(a) [1] and 6653(a) *127 in the amounts of $3,558.54 and $711.71, respectively. The issues for decision are: (1) whether petitioner's wages received by petitioner in 1980 are taxable; (2) whether petitioner is liable for an addition to tax under section 6651(a) for failure to timely file a return; and (3) whether petitioner is liable for an addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated and those facts are so found. The petitioner, George N. Stefan, was a resident of Livonia, Michigan, at the time he filed the petition in this case. During 1980, petitioner received wages from Waling Tool Company in the amount of $45,735.22. Petitioner mailed to the Internal Revenue Service an altered Form 1040 on approximately October 23, 1981. This document was received by the Internal Revenue Service on approximately October 26, 1981. Petitioner did not request nor was he granted an extension *128 to file his 1980 Federal income tax return. On the document submitted as a return, the petitioner reported the amount of $45,735.22 as wages and attached a Form W-2 reflecting this amount. However, on line 24, petitioner deducted the same amount under the heading of "non-taxable receipts." As a result, petitioner showed a tax liability of zero. Petitioner made several alterations to the Form 1040. Petitioner deleted the printed word "income" and inserted the word "gain" on lines 9, 13, 19, and 21. On line 22, petitioner deleted the printed word "income." In the margin caption to this section, petitioner deleted the word "income" and inserted the word "receipts." On line 24, petitioner deleted the printed words "employee business expenses" and inserted the words "non-taxable receipts." In the margin caption to this section, petitioner deleted the word "income" and inserted the word "receipts." In the notice of deficiency issued to petitioner for 1980, the Commissioner included the amount of the wages in taxable income and determined a deficiency of $14,234.14. Respondent asserted in his answer that petitioner is liable for additions to tax under sections 6651(a) and *129 6653(a). In September 1981, after petitioner received correspondence from the Internal Revenue Service regarding the whereabouts of his 1979 return, petitioner consulted with Ronald J. Sassak regarding the filing of petitioner's 1979 and 1980 Federal tax returns. Petitioner was aware that Ronald J. Sassak is neither an attorney admitted to practice, nor an accountant. Petitioner submitted a document altered in the same manner as the one at issue here, also dated October 23, 1981, which concerned the taxable year 1979, reporting his wages and deducting them as non-taxable receipts. The total of $5,197.60 that was withheld from his wages for that year was claimed as a refund. Petitioner received a check, dated February 2, 1982, for this amount plus interest. At the trial, respondent orally moved for imposition of damages on petitioner in the amount of $500 pursuant to section 6673 on the grounds that petitioner instituted this action merely for delay. OPINION Petitioner contends that he has no tax liability for the year 1980 based on the claim that his wages are not income because they are an equal exchange for his labor.This contention has been rejected by the *130 courts on numerous occasions. The wages he received are income. ; . Petitioner argues that because the Internal Revenue Service gave him a full refund for the year 1979 when he filed a similar return, deducting his wages as "non-taxable receipts," the Internal Revenue Service accepted petitioner's position that wages are not taxable. Petitioner's argument is without merit. The taxable year 1979 is not an issue in this case. Further, the fact that petitioner received a refund does not establish that the Commissioner accepted petitioner's reporting position. The processing of a refund arising from taxes being withheld from wages is a perfunctory, mechanical, administrative process and is not a final determination of the correct tax liability for the tax year. Such refunds can be subject to a final audit and do not preclude a determination of a deficiency. , affg. . ; . *131 In fact, we take judicial notice of the case docketed in this Court, No. 32438-83, which involves the deficiency determined by the Commissioner for petitioner's taxable year 1979. [2] Clearly, the Commissioner did not accept petitioner's reporting position, nor did the Tax Court which dismissed petitioner's case and entered a decision for respondent. See Order of Dismissal and Decision, dated July 25, 1984. The deficiency determined by the Commissioner for the taxable year 1980 is sustained. Because respondent asserted the additions to tax for the first time in the answer, respondent bears the burden of proof with respect thereto. Rule 142(a). Regarding the addition to tax under section 6651(a), it is undisputed that the document filed by petitioner as his return was filed over six months late. [3] Petitioner'sonly defense is that because his wages are not taxable, he incurred no tax liability and, therefore, no due date for the return is applicable. This contention is meritless. Section 6012; *132 Clearly, petitioner's failure to file a timely return was due to willful neglect and not due to reasonable cause. Accordingly, the maximum twenty-five percent addition to tax under section 6651(a) is applicable. With respect to the *133 addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations, a texpayer may not be liable if he can show that he reasonably relied on advice from competent tax experts. See . While petitioner belatedly consulted with Mr. Sassak, who holds himself out to be a "Tax Representative," regarding his tax liability, petitioner was aware that Mr. Sassak is neither an attorney nor an accountant. The advice which Mr. Sassak gave to petitioner that wages are not income is clearly without merit. No reasonable person would rely on such frivolous advice. If petitioner seeks to rely on "advice from competent experts," he must make some effort to seek out an advisor whose qualifications are more readily apparent than those of Mr. Sassak. (Mr. Sassak appeared as a witness and totally failed to impress the Court with even the appearance of being an expert in tax matters.) Petitioner did not seek or rely on competent tax advice. [4] We find that petitioner is liable for the addition to tax under section 6653(a).
*134 We also award damages to the United States under section 6673 on the grounds that petitioner instituted this case merely for delay. He has done nothing but assert frivolous and groundless contentions in an attempt to delay payment of his tax.The administrative and judicial expenses caused by petitioner with regard to this case exceed the maximum amount of damages authorized by section 6673, as applicable in this case. We therefore conclude that awarding the maximum damages in the amount of $500.00 is appropriate. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the year at issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Docket No. 9238-84 involving the same issue for 1982 was decided against petitioner by Order of Dismissal dated June 13, 1984.↩
3. The parties have stipulated that the document filed by the petitioner is a return. Because the document was filed over six months late, the question of whether it constitutes a return is not necessary to decide. If it were, the Court would not feel bound by the stipulation. The document filed in this case is virtually identical to the one at issue in the case of , wherein the Court concluded as a matter of law that the document in question did not constitute a return. See also . Since the stipulation reaches a clearly erroneous conclusion of law, the Tax Court is not bound to follow it. , revd. and remanded on other grounds ; .↩
4. See .↩